16

Argued and submitted May 24, reversed and remanded December 22, 1982, respondent Roth and respondent Griffith reconsiderations denied February 4, both petitions for review denied March 22 (294 Or 613), petitions for rehearing denied May 3, 1983

PATTEE et al,
*Appellants,*

*v.*

STILES et al,
*Respondents,*

(No. 80-6-674, CA A21007)

655 P2d 617

Randee G. Fenner, Portland, argued the cause for appellants. With her on the briefs were William B. Crow, James N. Westwood, and Miller, Nash, Yerke, Wiener & Hager, Portland; and Alan J. Schmeits and Silven & Schmeits, Baker.

Eugene L. Grant, Portland, argued the cause for respondents Alton A. Stiles, Vera D. Stiles, Lyle D. Griffith, Donna Griffith, and Stephen M. Munson. With him on the brief were Gary J. Susak, La Grande; Gregory R. Mowe and Stoel, Rives, Boley, Fraser & Wyse, Portland; and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

J. Michael Alexander, Salem, argued the cause for respondent A. J. Roth. With him on the brief was Brown, Burt, Swanson, Lathen & Alexander, Salem.

Before Joseph, Chief Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiffs brought an action for damages and an accounting, alleging that defendants wrongfully deprived them of their interest in a 1974 contract to purchase the Hot Lake Resort property. The facts as well as the pleadings are extremely involved. The trial court entered a summary judgment order granting defendant Roth's motion on plaintiffs' fourth amended complaint. The court subsequently entered an order granting motions by the remaining defendants to strike and to dismiss plaintiffs' fifth amended complaint.

Taking up the order on the motion to strike and dismiss first, the issue is whether plaintiffs allege sufficient facts to constitute a claim. *See* ORCP 21. They allege the following: Plaintiffs and defendants Stiles purchased the Hot Lake Resort property in July, 1974, from Roth. They formed a corporation, Hot Lake Resort, Inc., for the purpose of "carrying on various business ventures." The Stiles soon transferred one-half of their interest to defendant Munson. In return, Munson, an experienced developer, was to devise a plan for the resort to be developed. Plaintiffs allege that the Stiles could not lawfully transfer their one-half interest without the consent of plaintiffs. They allege that this agreement with Munson was the start of an attempt by all the defendants to unlawfully deprive plaintiffs of their interest in the benefits of the intended development of the Hot Lake property.

Next, plaintiffs allege that the Stiles and plaintiffs agreed to give defendants Griffiths a 10 percent interest in the Hot Lake property in return for a capital contribution by the Griffiths. They allege that defendants Stiles and Griffiths became partners or joint venturers with plaintiffs in the intended development of Hot Lake and that, as such, they owed a fiduciary duty to each other with respect to the jointly owned interests. They allege that plaintiffs, the Stiles, the Griffiths and Munson "reached an agreement" in May, 1976, to form Geothermal Energy Industrial, Inc., and to work together for the enhancement of Hot Lake Resort, Inc., and the new corporation.

Finally, plaintiffs allege that the Stiles, the Griffiths and Munson, in violation of their fiduciary duties,

entered into an agreement with Roth to allow the interests of plaintiffs and the Stiles to be foreclosed and for a new corporation, Technology International (formed by defendants), to purchase the Hot Lake property from Roth. The original purchase agreement was in default at that time, and it was subsequently foreclosed.

Plaintiffs seek general damages of $500,000 and punitive damages in the same amount. In additional claims for relief, plaintiffs essentially reiterate the above facts but allege different relationships between the parties, *i.e.,* shareholders, which, they claim, gave rise to the fiduciary duties that they allege that defendants breached. In addition, however, plaintiffs also assert a claim under a designated "Sixth Claim for Relief" that defendants intentionally interfered with the contractual relations between plaintiffs and Roth.

In their motion to strike and to dismiss plaintiffs' fifth amended complaint, defendants argue that the complaint does not state ultimate facts sufficient to constitute a claim for relief and fails to allege a partnership or joint venture or breach of any resulting fiduciary duties.

As was pointed out in *Hayes v. Killinger,* 235 Or 465, 470-71, 385 P2d 747 (1963), a partnership may exist for a single transaction, in which case it may be called a joint venture. A partnership to deal in real property can be proved by parol evidence. *Terry v. Simmons,* 261 Or 626, 634-38, 496 P2d 11 (1972). A partnership may be inferred from the objective conduct of the alleged partners. *Stone-Fox, Inc. v. Vandehey Development Co.,* 290 Or 779, 626 P2d 1365 (1981); *Hayes v. Killinger, supra.* Whether plaintiffs will be able at trial to prove that plaintiffs and defendants agreed to a partnership or joint venture to develop the Hot Lake property and that defendants conspired to and did deprive them of their interest in the property cannot be known until the evidence is presented in court. All that can be said at this stage of the case is that, taking the allegations and inferences in the light most favorable to plaintiffs, they have alleged sufficient facts to constitute a claim. The trial court erred in summarily deciding at this juncture that no partnership existed, that

there was no fiduciary relationship among the parties and that defendants breached no duty to plaintiffs in forming a new corporation and repurchasing the property for themselves. *Brown v. Portland School Dist. #1*, 291 Or 77, 628 P2d 1183 (1981).

■     Different considerations apply to Roth's summary judgment. Essentially plaintiffs allege that Roth resold the property to the defendant corporation before the foreclosure and that by "secretly" dealing with the other defendants for a repurchase of the Hot Lake Resort and thereby "squeezing" plaintiffs out, defendant Roth intentionally and maliciously interfered with the business relationship between plaintiffs and the other defendants. In his motion for summary judgment, Roth contended that he owed no duty to plaintiffs except as expressed in the original Pattee-Stiles purchase agreement and that he resold the property on advice of counsel, which resale was legal because the original purchase agreement was in default.

The gravamen of defendant Roth's motion and affidavits is that his actions in foreclosing the original contract and reselling the property were legal and that he did not enter into any conspiracy or other plan to defraud plaintiffs. However, plaintiffs alleged that in doing these acts, including reselling the property to the defendant corporations before foreclosure, he intentionally and maliciously interfered with the business relationship between plaintiffs and the other defendants. Further, several exhibits, including the deposition of Roth, contained evidence that arguably tended to show dealings between Roth and the other defendants before the entry of the foreclosure decree. Thus, an issue of fact is raised as to Roth's motivation and interest in doing those acts. Roth's allegations of the legality of his actions do not dispose of the matter; there remains a disputed issue of material fact as to Roth's motivation or intent.

Plaintiffs were entitled to a chance in court to try to prove their allegations that Roth had intentionally and maliciously interfered with the business relationship between plaintiffs and the other defendants. As our Supreme Court observed in *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978):

" * * * [Summary judgment] should be cautiously invoked so that no person will be improperly deprived of a trial of disputed factual issues."

Reversed and remanded.